**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel A Lopez,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | No. CV-21-00255-TUC-DCB<br><br>**ORDER** |

On June 28, 2021, the Plaintiff, acting pro se, filed a Complaint under the Federal Tort Claims Act (FTCA) against the Defendant, the Tucson Veterans Hospital (the VA). He alleges that he made every effort to get treatment at the VA but was denied; hospital employees, Doctors Mendes, Fisher, Barakat, and Fulcher, each, during four separate doctor appointments, harshly twisted his neck and head causing immediate and continuous pain to radiate through his neck and body; the VA hospital refused to schedule an appointment with an Ear, Nose and Throat Specialist; and the hospital ignored that a construction company blocked the handicapped parking where he needed to park to see his Service Officer, which caused the Plaintiff to walk an extended distance and aggravated his Vestibular issues and caused him pain and suffering. (Complaint (Doc. 1)).

On October 21, 2022, the Defendant filed a Motion to Dismiss the Complaint, in part, as barred by the two-year statute of limitations governing FTCA claims, pursuant to 28 U.S.C. § 2401(b). The two-year limitation period is not a jurisdictional requisite and, therefore, is subject to tolling. *United v. Wong*, 575 U.S. 402 (2015).

The Motion to Dismiss targets the claim in Count One related to Plaintiff's treatment by Dr. Barakat and Count Two, the alleged blocking of the disabled parking space.

The Court considers the Defendant's Motion to Dismiss, without converting it into one for summary judgment because the relevant administrative documents are central to the allegations in the complaint. *See, e.g., Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir. 1982) (suggesting that documents integral to a complaint, although not literally incorporated within the complaint by reference, could be considered on a motion to dismiss); *Cumis Ins. Soc., Inc. v. Merrick Bank Corp.*, 2008 WL 4277877, at *9 (D. Ariz. 2008) (document that is central to a parties' complaint is not a matter outside the pleadings and is properly considered in deciding a 12(b)(6) motion).

Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if the Complaint fails to state a claim upon which relief can be granted. A motion to dismiss tests the sufficiency of a complaint; a motion to dismiss does not resolve contested facts, the merits of a claim, or the applicability of defenses. When considering a motion under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief;" "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Here, the Court considers the factual content contained in the Complaint and the administrative claims.

Under Rule 12(b)(6), the Court assumes the truth of the allegations in the Complaint, as more fully detailed in the administrative claims. Defendants are attempting to use an affirmative defense to throw this case out at the 12(b)(6) stage when courts generally look only at the face of a complaint; "[o]rdinarily affirmative defenses may not be raised by motion to dismiss, ... [unless] the defense raises no disputed issues of fact." *Scott v.*

*Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (citation omitted). It is rare for facts in a complaint to sufficiently allege an affirmative defense so that "the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

To consider a statute of limitations defense at the Rule 12(b)(6) stage, "all facts necessary to the affirmative defense [must] 'clearly appear[ ] on the face of the complaint.'" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir.2007) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993) (emphasis added)). Then, if the allegations on the face of the complaint show that the affirmative defense would bar any recovery, the plaintiff fails to state a claim. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007).

FTCA cases are governed by a two-year statute of limitations pursuant to 28 U.S.C. § 2401(b) that has two requirements which must both be met: (1) a claim must be presented to the agency within two years of the claim's accrual, and (2) the claimant must file suit within six months of the agency's administrative denial. *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984). The second requirement is not at issue here.

A claim is deemed presented when it is received by the agency. *See Redlin v. United States*, 921 F.3d 1133, 1137 (9th Cir. 2019) (citing *Gervais v. United States*, 865 F.2d 196, 197-98 (9th Cir. 1988); 28 C.F.R. § 14.2 ("[f]or purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency *receives* from a claimant, . . ., an executed Standard Form 95 or other written notification of an incident….") (emphasis added).

The Motion to Dismiss identifies two relevant administrative claims: GCL 387568 received on October 17, 2018, and GCL 391121 received on November 16, 2018.

The claim (GCL 387568), date stamped as received October 17, 2018, identifies "Date and Day of Accident" as October 15, 2016. Plaintiff complained to the VA that during an examination on October 15, 2016, by Fadyeh R. Barakat, "this person twistedly

(sic) fast and seriously injured my neck which radiated to my head and body" pain hurting him bad and recklessly. (MD, Ex. 1 (Doc. 16) at 5.)

The claim (GCL 391121), date stamped as received November 16, 2018, alleges the "Date and Day of Accident" as November 12, 2016. Plaintiff complained that on November 15, 2016, he arrived at the VA Hospital for an appointment with his Service Officer and could not park in the disabled parking space because it was blocked by construction. He had to park and walk further than normal to get to the appointment, which caused pain and discomfort in his neck, back, and legs, sleepless nights, nausea and headaches.

Plaintiff cannot save these claims by arguing the VA failed to sign and date the certificates of mailing. The administrative date stamps establish the dates the VA received the administrative claims because the Plaintiff does not allege or present any evidence of any other dates of service for these administrative claims.

He attaches unauthenticated proofs of service which neither reflect the items accompanying them or the dates of delivery. The purpose of a Return Receipt (Green Card) is to provide the following information: 1) date of delivery, 2) signature of recipient or authorized agent, and 3) actual delivery address if different from that provided by the sender. Plaintiff asks the Court to assume that the United States Post Office failed to properly complete the Return Receipt for both deliveries. The Plaintiff, who allegedly had the proofs of service, does not attest to any actions he took subsequent to receiving the incomplete Return Receipts to obtain the required date of service information from the United States Post Office or whether he sought a refund for the ineffective proofs of service.

The burden of proof is on the Plaintiff, the party who invokes this Court's jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989); *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir.1987). The Plaintiff fails to prove he filed the administrative claims on any other dates than the ones reflected by the date stamp received by the VA.

Count One: The date stamped administrative claim reflects it was received by the Government on October 17, 2018. To be timely, this claim must have accrued on or after October 18, 2016, absent equitable tolling.

Plaintiff detailed the claim as follows: On April 14, 2016, he had a hearing test by Diana M. Glose, who found mild to moderate sensorineural hearing loss and "explained that is why I have hearing, vision, and balance problems which were also related to Vestibular issues and getting worst (sic) every year" On October 15, 2016, at a Compensation & Pension Exam, Dr. Barakat, twisted fast and seriously injured his neck, with pain radiating to his head and body. He was mad at her reckless disregard for his well-being. She did not discuss her findings with him, except to say he did not have vestibular issues. "[He] really did not know about these issues until later when [he] did more research." He complained about the serious cervical pain, back and headaches, and was referred to Proactive Hand & Physical Treatment for treatment on January 18, 2017. He began seeing Proactive for vestibular problem, with the physical therapy concentrating treatment on his neck because he had serious cervical pain and movement from Dr Barakat's mistreatment. (MD, Ex. 1 (Doc. 16) at 5.)

The remaining allegations contained in Count One against other doctors are not challenged by Defendant in the Motion to Dismiss. *See* (MD, Ex. 3 (Doc. 16) at 30-48.)

Count Two: The date stamp for this claim reflects it was received by the Government on November 16, 2018. To be timely, this claim must have accrued on or after November 17, 2016, absent equitable tolling.

Plaintiff's administrative claim identified the ""Date and Day of Accident" as November 12, 2016, but detailed the incident as occurring on November 15, 2016, when he arrived at the VA Hospital for an appointment with his Service Officer and could not park in the disabled parking space because it was blocked by construction. Being unable to park in the disabled parking space, he was "forced" to park much further from the Service Officer's office, causing pain and discomfort on his neck, back, and legs, sleepless nights, nausea, and headaches. The disabled parking space continued to be blocked a week later,

when he reported the alleged ADA violation to the Assistant Director and showed her pictures. The disabled parking space was blocked for over a month after the original incident, and he was unable to park there for follow-up appointments. (MD, Ex. 2 (Doc. 16) at 24-25.)

The Plaintiff attached a treatment note for November 16, 2016, wherein he reported his back and hips were sore because he went to the VA the day before and had to walk a long distance to the Resource Officer's office due to the closure of the disabled parking space. *Id.* at 26.

The FTCA: An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). As noted above, a claim is presented when the agency receives it. 28 C.F.R. § 14.2. Further, also as noted, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such a claim accrues or unless action is begun within six months after" the agency mails notice of denial of the claim. 28 U.S.C. § 2401(b).

"[A] claim accrues within the meaning of § 2401(b) when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury. *United States v. Kubrick*, 444 U.S. 111, 120 (1979). The "critical facts" are "that he has been hurt and who has inflicted the injury." *Id.* at 122. This is all that the plaintiff must know, and it does not matter whether the plaintiff understands that the injury is actionable. "'The action accrues even if the claimant believes that his injury was unavoidable and did not indicate negligent treatment.'" *Id.* (quoting *Dessi v. United States*, 489 F.Supp. 722, 725 (E.D.Va.1980)).  Once he learns of his injury, he is on notice that there may have been

an invasion of his legal rights and to determine within the limitation period whether to file suit. *Id.* at 742, 744.

Certainly, "a single injury can arise from multiple causes, each of which constitutes an actionable wrong." *Saudi Arabia v. Nelson*, 507 U.S. 349, 375 (1993). That is not what is alleged here. In short, the law applicable to Plaintiff's claim in Count One is clear: the claim accrues when a Plaintiff knows "both the fact of injury and its immediate physical cause." *Hensley v. United States*, 531 F.3d 1052, 1057 (9th Cir.2008) (quoting *Dyniewicz v. United States*, 742 F.2d 484, 487 (9th Cir.1984)). The Plaintiff knew on the date of his appointment with Dr. Barakat, October 15, 2016, that his neck had been injured because he knew Dr. Barakat had twisted it causing immediate pain that radiated through his neck and body.

Continuing ill effects from an original violation do not constitute a continuing violation. *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir. 1981). While Plaintiff argues that he did not understand the seriousness, i.e., the extent of the injury, until he began physical therapy on January 18, 2017, he fails to allege a continuing violation. To state a continuing violation, Plaintiff must allege repeated instances or continuing acts of the same nature where there is no single incident that can fairly or realistically be identified as the cause of significant harm. *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002). Under the theory of a continuing violation, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Bird v. Dept. of Human Services,* 935 F.3d 738, 746 (9th Cir. 2019). Plaintiff does not allege that receiving physical therapy on January 18, 2017, injured him.

Count One and the corresponding administrative claim allege distinct incidents occurring during separate doctor visits, when different doctors twisted his neck causing immediate and continued neck pain. As for the incident that occurred on October 15, 2016, Plaintiff on that date knew both that he was injured, and that a VA doctor, Dr. Barakat, caused the injury. The claim against Dr. Barakat accrued on October 15, 2016. The two-

year statute of limitation period ended on October 15, 2018, but the administrative claim was filed on October 17, 2018.

"When a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitation period." *Bird v. Dept. of Human Services*, 935 F.3d 738, 746 (9th Cir. 2019). The VA received this administrative claim on October 17, 2018. To be timely, the claim must have accrued on or after October 18, 2016. In the Complaint, the last government act falling in this window of time is the January 18, 2017, physical therapy visit, but this was not a last act in a continuing practice beginning on October 15, 2016, when Dr. Barakat twisted his neck. The claim against Dr. Barakat in Count One is dismissed because it fails on the face of the Complaint; the factual assertions in the Complaint that Plaintiff was injured on October 15, 2016, establish that this claim is time barred.

The relevant injury alleged in Count Two is pain triggered in his back and legs caused by walking a longer distance to see his Service Officer on November 12, 2016, because the VA allowed the disability parking space to be blocked by construction. Under *Ward,* as explained above--it does not matter if the pain allegedly caused by the long walk extended beyond this date. Plaintiff alleges that the disability parking space remained blocked over the next month. The PT note from November 16, 2016, reflects allegations in the Complaint that the day before, November 15, 2016, he went to the VA and the handicap parking was closed off. He reported to PT that the increased walking on November 15, 2016, aggravated his back and hip pain.

Under the continuing violation doctrine, this claim accrued on the date of the last act evidencing the continued practice of blocking or closing the disability parking space: November 15, 2016. The Government received the claim on November 16, 2018. To be timely, the claim must have accrued on or after November 17, 2016. This claim is time barred unless, Plaintiff can amend his Complaint to allege a date within the month of November on or after November 17, 2016, when he went to the VA and had to walk an extended distance because the disability parking space was blocked, and the extra walking

on such specified date aggravated his back and hip pain. Because the Plaintiff alleges that the disability parking space was blocked for a month, the Court finds that it may be possible for Plaintiff to amend the Complaint to state Count Two without also alleging facts reflecting that Defendant must prevail on the affirmative defense that the two-year statute of limitations bars this claim.

Equitable tolling "is not available to avoid the consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Redline v. United States,* 921 F.3d 1133, 1140 (9th Cir. 2019).

According to the facts alleged in Count One, on January 18, 2017, the Plaintiff understood the seriousness of the injury which he knew was caused by Dr. Barakat on October 15, 2016. He offers no explanation why he did not file a timely administrative claim, which he could have done any time in 2017 or until October 15, 2018. Instead, he waited until October 17, 2018, to file this administrative claim.

Plaintiff alleges Count Two as a continuing violation and has leave to amend the Complaint to allege facts to state this claim to cure the deficiency noted here: the facts as alleged reflect on the face of the Amended Complaint that this claim is barred by the statute of limitations. If Plaintiff cannot allege a last government act evidencing the continued practice of blocking or closing the disability parking space that caused him injury after November 15, 2016, there is no excuse for Plaintiff's failure to timely file this administrative claim until November 16, 2018. The Court realizes that this is just one day late, but the Court attributes this lateness to Plaintiff's own negligence, which will not toll the statute of limitations period.

**Accordingly,**

**IT IS ORDERED** that the Motion to Dismiss (Doc. 11) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS Count One as to the incident allegedly occurring on October 15, 2016, by Dr. Barakat and Count Two.

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED LEAVE to file an Amended Complaint to state a claim in Count Two.

**IT IS FURTHER ORDERED** that, in the event the Plaintiff chooses to file an Amended Complaint, it becomes the pleading in the case superseding the Complaint. The Amended Complaint must be clearly designated as "AMENDED COMPLAINT" the face of the document. THE AMENDED COMPLAINT MUST BE RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE.  Local Rule 7.1(c).

Dated this 18th day of April, 2023.

Honorable David C. Bury
United States District Judge