**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel A Lopez, | No. CV-21-00255-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

On February 7, 2024, the Court issued an Order directing the Plaintiff to show cause why this case should not be dismissed for lack of prosecution because he failed to file the Joint Case Management Report which was due around the end of December 2023. (Order (Doc. 33) (directing parties to meet and prepare case management schedule and file Rule 26(f) Joint Report). In response, the Plaintiff explains that in April of 2023 his potassium level was dangerously low causing mental confusion, muscle cramps, weakness, numbness and increased urination, and he has recently been diagnosed with COVID. (Response (Doc. 35) at 1-2). He is also "again scheduled for Prostrate Artery Embolization." *Id.* at 2. Plaintiff did not seek an extension of time to file the Joint Case Management Report, and did not file it. Instead, he filed a Second Amended Complaint. (Doc. 36)).

Plaintiff may not, however, file an amended complaint without written consent from the Defendant or leave of this Court. Fed. R. Civ. P. 15(a)(2). To seek an amendment, the Plaintiff must also comply with the Local Rules of Practice of the District Court, District of Arizona, Rule 15.1(a): "Amendment by Motion. A party who moves for leave to amend

a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties under Rule 5 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of the order granting leave to amend, unless the Court orders otherwise." The Court strikes the Second Amended Complaint (Doc. 36) pursuant to Fed. R.Civ. P. 15 and for noncompliance with LRCiv. 15.1.

The Court understands that the parties met as directed for a Rule 26(f) scheduling conference, and Defendant prepared and provided to the Plaintiff a draft Rule 26(f) Joint Report.[1] All Plaintiff needed to do was edit the draft to account for his positions and file it. The Court will afford the Plaintiff one last opportunity to file the Rule 26(f) Joint Report before dismissing the action for lack of prosecution and noncompliance with Court orders.

Plaintiff is responsible for prosecuting his case for resolution by either a dispositive motion or trial. Even though he proceeds pro se, he must comply with the directives of the Court, the Federal Rules of Civil Procedure, and the Local Rules of this Court. *See* (Order (Doc. 6) at 2-3 (explaining this and "strongly" advising him to review materials on the website for the United States District Court for the District of Arizona: https://www.azd.uscourts.gov. at tab for "Those Proceeding Without an Attorney.") In determining that this case is subject to dismissal for lack of prosecution and noncompliance with Court directives, the Court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992). All of these factors favor dismissal in the event the

---

[1] It is not Defendant's responsibility to draft the Joint Report but Defendant did so to assist Plaintiff, who is pro se. See Motion to Strike (Doc. 37).

1 Plaintiff continues to ignore the directives of the Court to file the Rule 26(f) Joint Case
2 Management Report. The only alternative would be for the Court to set arbitrary case
3 management deadlines, but this would not address the wholesale lack of responsibility by
4 the Plaintiff to prosecute his case. "'[T]he district court has no duty to act as a pro se party's
5 lawyer.'" (Order (Doc. 6) at 2 (quoting *United States v. Hung Thien Ly*, 646 F.3d 1307,
6 1315 (11th Cir. 2011)).

7 On June 28, 2021, the Plaintiff filed this action. On April 19, 2023, the Court granted
8 a motion to dismiss in part, with leave to amend in part. After repeated extensions of time
9 and a directive to show cause why the case should not be dismissed for failure to file the
10 amended complaint, the Plaintiff filed the First Amended Complaint on August 21, 2023.
11 Defendant answered in September. On November 20, 2023, the Court issued the Order
12 directing the parties to prepare and file a case management plan. Since then, the case has
13 been pending without any discovery, with the Court waiting for the Rule 26(f) Joint Case
14 Management Report before issuing a scheduling order. *See* Fed. R. Civ. P. 16(b)(2)
15 (requiring scheduling order to issue as soon as practicable, but unless there is good cause
16 for delay, it shall issue within the earlier of 90 days after any defendant has been served
17 with the complaint or 60 days after any defendant has appeared).

18 While the Court is sympathetic to Plaintiff's health conditions, he was capable of
19 preparing and filing a Second Amended Complaint and, therefore, capable of complying
20 with the Court's directive to file the Rule 26(f) Joint Case Management Report. He shall
21 do so forthwith, or this case shall be dismissed for lack of prosecution and failure to comply
22 with the express directives of this Court.

23 **Accordingly,**

24 **IT IS ORDERED** that the Plaintiff shall have 14 days from the filing date of this
25 Order to file the Rule 26(f) Joint Case Management Report.

26 **IT IS FURTHER ORDERED** that the Motion to Strike (Doc. 37) is GRANTED.

27 **IT IS FURTHER ORDERED** that the Second Amended Complaint is stricken,
28 and the Clerk of the Court shall reflect this on the docket.

**IT IS FURTHER ORDERED** that in the event the Plaintiff again fails to file the Rule 26(f) Joint Case Management Report, this action shall be dismissed with prejudice by the Court without further notice to the Plaintiff for lack of prosecution and failure to comply with the directives of the Court.

Dated this 14th day of March, 2024.

Honorable David C. Bury
United States District Judge